IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KINDELL ADAIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-22-231-R |
| | ) | |
| ABOUTANAA EL HABTI, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On September 14, 2022, Judge Erwin issued a Report and Recommendation wherein he recommended the Petition be denied. The matter is currently before the Court on the timely objection of both Petitioner and Respondent, which gives rise to an obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which either party makes specific objection. Having conducted this review, the Court finds as follows.

Petitioner is serving a twenty-year sentence of incarceration following conviction by jury on a single count of felony child abuse in the District Court of Oklahoma County.[1] As set forth in the Report and Recommendation, Petitioner unsuccessfully pursued both a

---

[1] The original information contained a scrivener's error and charged Ms. Adair with violating Okla. Stat. tit. 21 § 843, (Tr. Vol. V, p. 1069-1070), but upon request of the prosecution the charge was amended to § 843.5. To the extent the Report and Recommendation references § 843 at pages 12 and 15 the Court presumes Judge Erwin intended to reference § 843.5, as the proper elements are recited at page 12 and section 843 was renumbered as Okla. Stat. tit. 10 § 7115 in 1995.

direct appeal and post-conviction relief and appears before the Court raising nine claims. The conviction was the result of the death of G.C., the child of Petitioner's live-in boyfriend in September 2014, as addressed in the Report and Recommendation.

In Ground One Petitioner raised a claim first addressed on direct appeal, challenging the decision of the trial court to admit evidence of a prior crime, citing state evidentiary standards. The Report and Recommendation sets forth the evidence and the Oklahoma Court of Criminal Appeals' decision on direct appeal. Thereafter Judge Erwin correctly notes the existence of a threshold issue, whether the claim raised on direct appeal was a federal constitutional claim—the types of claims cognizable on habeas review—or whether the claim raised only an issue of state law. In concluding that Petitioner had raised a federal constitutional question, Judge Erwin wrote:

> Although Petitioner did not expressly cite the Due Process Clause of the Fourteenth Amendment, it is reasonable to read Ms. Adair's claim on Direct Appeal as alleging more than just a state-law evidentiary error. As stated, Petitioner claims that the admission of other crimes evidence was so harmful and prejudicial that it "deprived her of a fair trial.". . . Given her *pro se* status, the Court should conclude that this allegation is sufficient to allege a constitutional violation of her right to Due Process.

Report and Recommendation, p. 8. Respondent objects to this conclusion, asserting that the claim raised on direct appeal and mirrored here did not present a federal claim and is not cognizable on habeas. The Court concurs with Respondent's objection. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); *Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018) (explaining that in determining whether a petitioner

fairly presented a federal claim in state court, "the crucial inquiry is whether the 'substance' of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." (*quoting Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012))).

In his analysis Judge Erwin misconstrued Petitioner's *pro se* status, subscribing it to her direct appeal; however, at that time she was represented by counsel. Furthermore, the direct appeal brief does not reference the federal constitution, nor does it utilize the phrase "due process." Rather, the direct appeal brief, and its near-clone § 2254 motion, rely exclusively on state cases and state law, and the passing reference to denial of a "fair trial" is not sufficient to have given the Oklahoma Court of Criminal Appeals notice that Petitioner was asserting a federal constitutional claim. Because the issue raised on direct appeal and parroted in the § 2254 motion is limited to one of state law, Petitioner is not entitled to habeas relief on Ground One.

However, even if the Court considers the claim raised as addressing Petitioner's federal constitutional rights, she is not entitled to relief, as noted in the Report and Recommendation. After concluding that the Oklahoma Court of Criminal Appeals' harmless error analysis was contrary to Supreme Court precedent, Judge Erwin conducted a *de novo* review, concluding that the underlying error was harmless under *Brecht v. Abrahamson*, 507 U.S. 619 (1993), which requires Petitioner to show that the error had a substantial and injurious effect on the outcome of trial, that is actual prejudice. *Id.* at 637. Respondent objects to this portion of the Report and Recommendation, arguing that the analysis set forth therein applied harmless error analysis without first finding constitutional

error. The Court notes, however, the precedent for assuming "without deciding, that the error[ ] [Petitioner] identifies ... [is] of constitutional magnitude." *Malone v. Carpenter*, 911 F.3d 1022, 1032 n.1 (10th Cir. 2018) (rejecting state's argument that habeas relief was not available because there was no constitutional violation); *Davis v. Ayala*, 576 U.S. 257 (assessing harmless error after assuming but not deciding that a federal constitutional error occurred). Furthermore, neither Petitioner nor Respondent takes issue with the conclusion that any error was harmless. However, the Court will nevertheless consider whether the erroneous evidentiary ruling by the trial court, as found by the Oklahoma Court of Criminal Appeals, resulted in constitutional error.

Habeas relief may lie for an error of state law that involves the erroneous admission of evidence, if the evidence "was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012)(quoting *Revilla v. Gibson*, 283 F.3d 1203, 1212 (10th Cir. 2002)). In applying the fundamental-fairness analysis, the Court considers the erroneously admitted evidence in light of the record as a whole. *Knighton v. Mullin*, 293 F.3d 1165, 1171 (10th Cir. 2002). Having independently reviewed the trial transcripts and the exhibits admitted at trial, the Court cannot say that the admission of evidence related to Petitioner's shooting of her domestic partner ten years before the charged offense deprived her of a fair trial. Accordingly, having found no due process violation in the admission of the evidence, the harmless error analysis set forth in the Report and Recommendation is superfluous. Regardless, because neither party objects to the substance of that conclusion, the Court finds no basis for rejection of that portion of the Report and

Recommendation.[2] The Report and Recommendation is adopted as to Ground One to the extent it is consistent with the above and supplemented hereby.

In Ground Two, again copying her direct appeal brief, Petitioner argues the trial court erred in denying her motion for mistrial and instead giving an *Allen* charge, that is, a supplemental instruction encouraging a divided jury to continue working toward a verdict.[3] On direct appeal Petitioner relied solely on state cases and a state statute, and Respondent argued before the Magistrate Judge, and again in his Objection, that the issue raised on direct appeal was one of state law not cognizable on habeas. Ground Two raises the same threshold issue as addressed in Ground One as to the nature of the claim, that is whether it arises under state or federal law. Judge Erwin concluded that because Petitioner argued that giving the *Allen* charge was coercive, the direct appeal raised a federal constitutional claim. He further concluded that the Oklahoma Court of Criminal Appeals' conclusion that the supplemental instruction was not coercive was not contrary to nor an unreasonable application of clearly established federal law.

Petitioner objects to the Report and Recommendation as to Ground Two, arguing simply that she "should be granted Habeas Relief on Ground 2 because the motion for a new trial should have been granted, because it violated my constitutional rights." (Doc. No.

---

[2] Petitioner's objection to the Report and Recommendation as to Ground One simply argues that "the crimes evidence was improperly admitted and was harmless (sic)." (Doc. No. 20, p. 1). This insufficiently developed argument does not adequately challenge the Report and Recommendation's conclusion that admission of the evidence was harmless.

[3] During its seven-plus hours of deliberations, which started at approximately 1:00 p.m., the jury sent six notes before reaching a verdict. The second of the six notes, sent at approximately 2:52 p.m., asked what should be done in the event the jurors could not unanimously agree. The issue of unanimity was raised in the fourth note as well, which was not marked for time but was sent between 3:45 and 5:05 p.m. The third and final note on the issue was sent at 8:06 p.m. and at 9:00 p.m. the court gave an *Allen* charge. The jury returned a guilty verdict approximately an hour later.

20, p. 1). Respondent also objects, arguing that Ground Two on direct appeal was limited to a state law issue and did not raise a federal due process claim and therefore the claim does not provide a basis for habeas relief.

The Court has reviewed the brief filed by Adair's counsel on direct appeal, and concurs with Respondent's position. Although Petitioner's counsel referenced the "*Allen*" charge, counsel did not argue that it violated Petitioner's federal constitutional rights. The cases cited by Petitioner in her direct appeal brief and the Oklahoma Court of Criminal Appeals' citations refer to state law issues. Tracing back the citations, the due process clause does not factor into the analysis of those cases because habeas relief is not available for issues of state law, Petitioner is not entitled to relief on Ground Two. Furthermore, Judge Erwin's conclusion that the Oklahoma Court of Criminal Appeals' denial of relief because the supplemental jury instruction was not unduly coercive is not for naught.

> Under Oklahoma law, "the decision to grant a mistrial at defense request is left to the sound discretion of the trial court." *Knighton v. State*, 912 P.2d 878, 894 (Okla. Crim. App. 1996) (citations omitted), *cert. denied*, 519 U.S. 841 (1996). Such claims of state procedural or trial error do not present cognizable federal questions in a habeas corpus action, *Brinlee v. Crisp*, 608 F.2d 839, 843 (10th Cir. 1979*), cert. denied*, 444 U.S. 1047 (1980), unless the petitioner demonstrates the error "was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process," *Hooks. v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) (quoting *Revilla v. Gibson*, 283 F.3d 1203, 1212 (10th Cir. 2002)). *See, e.g., Gonzales v. Tafoya*, 515 F.3d 1097, 1126-27 (10th Cir. 2008) ("In conducting our inquiry, we defer to the state court's interpretations of state law."). *See also Brown v. Patton*, No. 11-CV-368-GKF-PJC, 2014 WL 4825252, at *10, (N.D. Okla. Sept. 26, 2014) (unpublished) (denying habeas relief after determining "the trial judge's refusal to declare a mistrial was based on state law and did not result in constitutional error").

*Gray v. Whitten*, No. Civ-16-482, 2020 WL 873908, *9 (E.D. Okla. Feb. 21, 2020). Regardless, as set forth in the Report and Recommendation, the instruction was not coercive under the factors set forth in *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988). Petitioner is not entitled to habeas relief on Ground Two even if the Court construes the issue claimed as raising a federal constitutional question.

In Ground Three of her § 2254 motion Petitioner argues that appellate counsel was constitutionally ineffective in failing to argue the ineffectiveness of trial counsel. Petitioner contends appellate counsel should have challenged trial counsel's failure to obtain an expert witness, the failure to argue that Petitioner was actually innocent, and failure to object when her trial was not bifurcated. The Oklahoma Court of Criminal Appeals, applying the familiar standard under *Strickland v. Washington,* 466 U.S. 668 (1984), concluded Petitioner was not entitled to relief by reviewing the merits of the omitted issues.

As to trial counsel's failure to obtain the testimony of an expert witness, the Oklahoma Court of Criminal Appeals concluded that Petitioner's failure to identify any particular expert or to disclose what such expert would have proffered precluded a finding that she was prejudiced by the failure of trial counsel to utilize an expert witness. Because Petitioner could not establish that trial counsel was ineffective, she could not establish that appellate counsel was ineffective in failing to challenge trial counsel's performance.

To the extent Petitioner's argument was premised on a failure to argue actual innocence, citing an Oklahoma statute, the Oklahoma Court of Criminal Appeals concluded that Petitioner was not entitled to relief because she had not presented new evidence to establish her innocence. Furthermore, in the absence of new evidence the

7

Oklahoma Court of Criminal Appeals concluded that the challenge was intended to challenge the sufficiency of the evidence, an issue not raised on direct appeal. Because the issue was not raised on direct appeal the Oklahoma Court of Criminal Appeals concluded it was waived but it did not consider whether the failure to raise the issue on direct appeal was the result of the ineffective assistance of appellate counsel.

As to the issue of bifurcation, the Oklahoma Court of Criminal Appeals ruled that because Petitioner testified at trial bifurcation was not necessary as she admitted to her prior criminal convictions. Accordingly, counsel was not ineffective in failing to object and appellate counsel was not ineffective in failing to address the issue on a direct appeal.

Judge Erwin concluded that the Oklahoma Court of Criminal Appeals' decision was not contrary to nor an unreasonable application of clearly established federal law. Petitioner objects to the Report and Recommendation arguing that she has shown ineffective assistance of counsel. As with her arguments as to Grounds One and Two, the argument in the objection is not sufficiently reasoned. Rather, Petitioner cites to various cases and does not attempt to tie those cases to her criminal conviction. Respondent does not object to the Report and Recommendation as to Ground Three. Upon completion of *de novo* review of this portion of the Report and Recommendation the Court concludes, for the reasons set forth therein, that Petitioner is not entitled to relief on Ground Three.

In Grounds Four, Six, and Seven Petitioner addresses issues first raised during state post-conviction proceedings. As to each of the claims, the District Court of Oklahoma County concluded that the claims were subject to the procedural bar. On appeal from the denial of post-conviction relief, the Oklahoma Court of Criminal Appeals concluded that

8

the trial court did not abuse its discretion in not addressing the merits. In the Report and Recommendation Judge Erwin acknowledges application of the procedural bar by the Oklahoma Court of Criminal Appeals but concludes that the Court should exercise its discretion and address the merits of all three grounds under *Smith v. Duckworth*, 824 F.3d 1233, 1242 (10th Cir. 2016) (a court may bypass the procedural bar and reject a claim on the merits if it may be disposed of in a straightforward manner). Respondent objects to this recommendation and argues strenuously that the Court should find the claims in Grounds Four, Six, and Seven barred and further that Petitioner has not established cause and prejudice to overcome the procedural bar.  The Court concurs with Judge Erwin's conclusion that because the claims may be denied on the merits in straightforward manner, that the Court need not engage in the procedural wrangling necessary to address the procedural bar and whether Petitioner may avoid application thereof.

In Ground Four Petitioner argues that trial counsel was constitutionally ineffective because he failed to present evidence that Petitioner could not have caused the lethal injuries. Petitioner seemingly acknowledges that the issue was defaulted but asserts actual innocence as a basis for avoiding the procedural bar. She argues that trial counsel should have investigated head trauma and the scientific principles behind such injuries. Judge Erwin concluded Petitioner was not entitled to § 2254 relief because her allegations regarding an expert and the timing of the death of G.C. are vague and conclusory and that her factual allegations do not support the necessary finding of prejudice under *Strickland*.

The Court notes that during post-conviction proceedings the Oklahoma Court of Criminal Appeals, in addressing Petitioner's ineffective assistance of appellate counsel

claim, addressed, in part, the same issues because Petitioner alleged that it was ineffective of appellate counsel not to challenge trial counsel's performance. Specifically, as to expert witnesses the Oklahoma Court of Criminal Appeals concluded the claim failed because Petitioner could not establish prejudice as she failed to identify any particular expert or disclose the anticipated testimony of such person. As set forth above, the Court has reviewed the trial transcript and the state court record in this case and finds no basis from which it could conclude that Petitioner is entitled to relief on Ground Four.

The same is true with regard to Ground Six of the instant motion, addressing the failure to bifurcate her trial. The Oklahoma Court of Criminal Appeals addressed the merits of the claim during post-conviction proceedings in the context of assessing whether direct appeal counsel was ineffective for failing to argue trial counsel's ineffectiveness. The Oklahoma Court of Criminal Appeals concluded that because Petitioner testified and was properly examined about her prior felony convictions, trial counsel was not ineffective in failing to object. Ergo, appellate counsel was not ineffective in failing to raise the issue on direct appeal. Furthermore, generally habeas relief does not lie for state law errors, and as noted in the Report and Recommendation, the Supreme Court has held that there is no federal constitutional right to a bifurcated trial. Additionally, Petitioner does not argue that the failure to bifurcate violated her due process rights. Accordingly, Petitioner is not entitled to habeas relief on Ground Six.

In Ground Seven of the Petition Ms. Adair argues that the trial court erred in not instructing the jury on the 85% rule. Petitioner first raised this issue during post-conviction proceedings and the Oklahoma Court of Criminal Appeals affirmed the conclusion of the

District Court of Oklahoma County that the claim was barred because it had not been raised on direct appeal. Without regard to the procedural bar and whether Petitioner can overcome it, and without consideration of the analysis set forth in the Report and Recommendation, the Court finds that Petitioner is not entitled to habeas relief, because as noted by Respondent in her objection, the jury was in fact instructed that Ms. Adair would be required to served 85% of any sentenced imposed by the jury before becoming eligible for parole consideration. (Jury instruction number 30, Volume II of the Criminal Appeal Original Record, p. 278). Ground Seven provides no factual basis for consideration of whether Petitioner is entitled to habeas relief.

In Ground Five Petitioner alleges she is actually innocent of the crime for which she was convicted. During post-conviction proceedings the Oklahoma Court of Criminal Appeals concluded that Petitioner was not raising an actual innocence claim because she did not present "new reliable evidence." (Doc. No. 16-9). The Oklahoma Court of Criminal Appeals instead concluded that the challenge was to the sufficiency of the evidence, a claim that should have been pursued on direct appeal, and because it was not it was waived. *Id.* p. 4. Judge Erwin addressed the claim as one alleging factual innocence and concluded relief was not warranted. Respondent does not object to the Report and Recommendation as to Ground Five. Petitioner's objection provides no basis for altering the conclusion set forth in the Report and Recommendation as to Ground Five.

In Ground Eight Petitioner advances an argument first presented during post-conviction proceedings: that the State lacked jurisdiction over her crime because it was allegedly committed on unappropriated land. The Oklahoma Court of Criminal Appeals

11

construed the claim as arising solely under Oklahoma law, specifically Article I Section 3 of the Oklahoma Constitution. Respondent makes no objection to Judge Erwin's conclusion that Ground Eight raised only an issue of state law not cognizable on habeas review. Although Petitioner's objection addresses Ground Eight, she does not address the Report and Recommendation's conclusion that the issue is one purely of state law.[4] The Report and Recommendation is adopted as to Ground Eight.

In Ground Nine Petitioner asserts that the State of Oklahoma lacked jurisdiction over her criminal case, citing *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). The issue was raised for the first time on appeal from the denial of post-conviction relief. The Oklahoma Court of Criminal Appeals concluded that, because Petitioner's conviction was final before *McGirt* was decided and because *McGirt* is not retroactively applicable on collateral review, Petitioner was not entitled to relief. In the Report and Recommendation Judge Erwin notes that the Oklahoma Court of Criminal Appeals erred, because Petitioner's direct appeal was pending when the Supreme Court issued its decision in *McGirt*, and therefore, her conviction was not yet final, making retroactivity irrelevant. As a result, he recommends the Court review Ground Nine *de novo* and further that it should deny relief because Petitioner merely alleges she is an "an Indian" without specifying that she is recognized as Indian by a tribe or by the federal government. Respondent makes no objection to Judge Erwin's recommendation as to Ground Nine. Petitioner's Objection fails to remedy the defects identified by the Report and Recommendation and therefore provides

---

[4] Petitioner addresses Grounds Eight and Nine together in her objection. Although related the arguments are not identical and the Oklahoma Court of Criminal Appeals' decision on post-conviction addressed the claims separately.

no basis for concluding that the State of Oklahoma lacked jurisdiction over her case. Accordingly, the Report and Recommendation is adopted as to Ground Nine.

Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a Certificate of Appealability is denied.

For the reasons set forth herein, the Petition is DENIED. The Report and Recommendation is adopted to the extent it is consistent with and supplemented by this Order.

**IT IS SO ORDERED** this 30th day of March 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE